UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Raymond and Raymond, Esqs.
Attorneys at Law
7 Glenwood Avenue, 4TH Floor
East Orange, New Jersey 07017
(973) 675-5622; (408) 519-6711 Telefax
Email: bankruptcy123@comcast.net
Herbert Raymond; Jeffrey M. Raymond, Kevin DeLyon, Attorneys for the Debtor

Order Filed on April 1, 2019
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:

DELFOS R. SAMBUCETTI, DEBTOR(S)

Case No.:        17-14961 MBK_

Hearing Date: 3/26/19 @ 9:00 a.m.__

Chapter:         13_____

Judge:            MICHAEL KAPLAN_

# ORDER AUTHORIZING
# SALE OF REAL PROPERTY

Recommended Local Form:    ☒ Followed    ☐ Modified

The relief set forth on the following pages numbered two (2) and three (3) is **ORDERED**.

**DATED: April 1, 2019**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

After review of the Debtor's motion for authorization to sell the real property commonly known as `96 Prusakowski Blvd., Parlin`, New Jersey (the Real Property).

**IT IS** hereby **ORDERED** as follows:

1. The Debtor is authorized to sell the Real Property on the terms and conditions of the contract of sale pursuant to 11 U.S.C. §§ 363(b) and 1303.

2. The proceeds of sale must be used to satisfy the liens on the real property unless the liens are otherwise avoided by court order. Until such satisfaction the real property is not free and clear of liens.

3. ☒   In accordance with D.N.J. LBR 6004-5, the *Notice of Proposed Private Sale* included a request to pay the real estate broker and/or debtor's real estate attorney at closing. Therefore the following professional(s) may be paid at closing.

> Name of professional:  Ranbir Singh, Real Estate Agent, Weichert Realtors
>
> Amount to be paid:  $21,600
>
> Services rendered: Real estate listing and sale of property.  Pursuant to real estate listing agreement.

**OR**:  ☐  Sufficient funds may be held in escrow by the Debtor's attorney to pay real estate broker's commissions and attorney's fees for the Debtor's attorneys on further order of this

court.

4. Other closing fees payable by the Debtor may be satisfied from the proceeds of sale and adjustments to the price as provided for in the contract of sale may be made at closing.

5. The amount of $ __23,675__ claimed as exempt may be paid to the Debtor.

6. The ☐ *balance of proceeds* or the ☒ *balance due on the debtor's Chapter 13 Plan* must be paid to the Chapter 13 Trustee in the Debtor's case.

7. A copy of the HUD settlement statement must be forwarded to the Chapter 13 Trustee 7 days after closing.

8. ☐ The debtor must file a modified Chapter 13 Plan not later than 21 days after the date of this order.

9. Other provisions:

a. ~~Benjamin Stanziale, Jr., Esq., Real Estate Counsel to the Debtor, Special Counsel, to be paid the sum of $2,500.00, at closing, consistent with the retention application.~~

b. The plan is to be fully paid off, paying creditors 100% at closing. Debtor's counsel to provide special counsel with plan payoff information, the payment to be remitted through Debtor's counsel to the Chapter 13 Trustee.

c. Weichert Realtors to be paid the sum of $21,600, representing 4.5% commission pertaining to the contract price.

d. The closing must occur within a period of ninety (90) days of entry of this order and all liens are to be completely paid at closing.

e. Remaining proceeds, after payment of the aforesaid items, to be remitted to the Debtor, at closing.